Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| FERNÁNDEZ GONZÁLEZ, GERARDO ENRIQUE<br><br>Parte Apelada<br><br>v.<br><br>SANTANA OLIVO, ELSA IVETTE<br>Parte Demandada<br><br><br>JENNIFER FERNÁNDEZ SANTANA<br>(Parte Interventora)<br>Parte Apelante | KLAN202201039 | Apelación procedente del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Asuntos de Menores de Bayamón<br><br>Civil núm.:<br>D DI2012-2049 (4001)<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.[1]

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

La apelante, **Jennifer Fernández Santana**, solicita que revoquemos una determinación emitida el 9 de noviembre de 2022, y notificada el 16 de diciembre de 2022, por el Tribunal de Primera Instancia (TPI), Sala de Bayamón: Mediante el referido dictamen, el foro apelado declaró no ha lugar la petición de alimentos entre parientes instada por la apelante contra sus progenitores, aquí apelados, señor Gerardo Enrique Fernández González y señora Elsa Ivette Santana Olivo.

El co apelado, señor Gerardo Enrique Fernández González (Sr. Fernández González), presentó su *Alegato de la Parte Apelada – Solicitud de Desestimación por Falta de Jurisdicción*. En específico, alegó que la apelante presentó su moción solicitando reconsideración del dictamen aquí impugnado vencido el término establecido en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R.

---

[1] Véase Orden Administrativa OAJP-2022-099.

47, y, por tanto, dicha moción no produjo efecto interruptor alguno sobre el término disponible para apelar ante este foro apelativo. Aseveró que ello, a su vez, conllevó la presentación también tardía del recurso apelativo y priva a este Tribunal de jurisdicción para atender el asunto planteado.

Por los fundamentos que expondremos a continuación, acogemos el recurso como una petición de *certiorari*, expedimos el auto y desestimamos por falta de jurisdicción.

I.

El presente caso se suscitó en el contexto de una acción de alimentos entre parientes, en la cual la interventora y apelante, la joven Jennifer Fernández Santana (joven Fernández Santana), al alcanzar la mayoría de edad, solicitó de sus progenitores una pensión alimentaria para costear sus estudios universitarios.

En cuanto a dicha solicitud, el 9 de noviembre de 2022, notificada el **16 de noviembre de 2022**, el TPI dictó la siguiente *Resolución y Orden*:

> Examinados los escritos de las partes, no surge que la parte interventora cumpla ni haya establecido en efecto cumple con los criterios que establece el Código Civil de Puerto Rico para recibir alimentos entre parientes.

> Por lo anterior, se declara NO HA LUGAR su solicitud y se promueve que las partes puedan alcanzar acuerdos extrajudiciales que promuevan el que la parte interventora pueda completar sus estudios, pero más importante aún, que las partes puedan retomar una relación saludable.[2]

Inconforme con dicho dictamen, el 29 de noviembre de 2022, la señora Elsa Ivette Santiago Olivo (madre de Jennifer Fernández Santana) presentó *Moción Solicitando Reconsideración.*[3] El 30 de noviembre de 2022, notificada el 1 de diciembre de 2022, el TPI dictó

---

[2] Véase, Apéndice del alegato en oposición, pág. 5.
[3] Anejo 9 del recurso. (La apelante no enumeró las páginas del apéndice de su recurso).

una orden en la que dispuso: "[n]ada que proveer. A quien corresponde presentar cualquier solicitud es a la joven adulta".[4]

Así las cosas, y vencido el término de quince (15) días para solicitar reconsideración, el 2 de diciembre de 2022, la joven Fernández Santana presentó su *Moción en Solicitud de Reconsideración* de la *Resolución y Orden* notificada el 16 de noviembre de 2022. En ella, expuso las razones por las cuales entiende que cumple con los criterios que establece el Código Civil de Puerto Rico para recibir alimentos entre parientes.[5] En dicho escrito, la joven Fernández Santana no demostró justa causa para el incumplimiento con el referido término de quince (15) días.

Con dicho propósito, la joven Fernández Santana presentó una *Moción Informativa* fechada 6 de diciembre de 2022. En ésta, reconoció haber incoado la solicitud de reconsideración un (1) día después de vencido el término aplicable y, para justificar la demora, adujo que su representación legal sufrió un problema de salud. La moción informativa se acompañó de un certificado médico, que establece que la abogada estuvo enferma desde el 29 de noviembre de 2022, hasta el 7 de diciembre de 2022.[6] Se ignora si el problema de salud de la representación legal de la joven Fernández Santana, según informado, impedía que se presentara de manera oportuna la moción de reconsideración.

El 8 de diciembre de 2022, el TPI notificó una orden mediante la cual concedió diez (10) días a los progenitores para expresarse en cuanto a la solicitud de reconsideración incoada por la joven Fernández Santana.[7]

El Sr. Fernández González presentó *Moción Informativa y Solicitud de Desestimación de Moción de Reconsideración,*

---

[4] Anejo 10 del recurso.
[5] Anejo 8 del recurso.
[6] Anejo 1 del recurso.
[7] Anejo 11 del recurso.

fundamentada en que la joven Fernández Santana no presentó la solicitud de reconsideración dentro del término dispuesto en la Regla 47 de Procedimiento Civil, *supra*.[8]

El 14 de diciembre de 2022, notificada el 16 de diciembre de 2022 el TPI dictó *Resolución* mediante la cual dispuso que: "[s]e desestima la solicitud de reconsideración presentada por la parte interventora".[9] En igual fecha, y en cuanto a la *Moción Informativa* presentada por la joven Fernández Santana, el TPI expresó "nada que proveer".[10]

Insatisfecha con lo resuelto por el TPI, la joven Fernández Santana incoó el presente recurso el 19 de diciembre de 2022.[11]

El 17 de enero de 2023, el Sr. Fernández González instó su *Alegato de la Parte Apelada- Solicitud de Desestimación por Falta de Jurisdicción,* fundamentado en la presentación tardía del recurso.

## II.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional.

---

[8] Apéndice del alegato en oposición, página 15.

[9] Anejo 12 del recurso.

[10] Apéndice del alegato en oposición, pág. 3.

[11] En éste, consignó los siguientes señalamientos de error:

Primer error: Erró el Tribunal de Primera Instancia al desestimar una moción aparentemente radicada fuera de término según alegado por la parte demandante sin tomar en consideración los elementos de justa causa de la parte demandada.

Segundo error: Erró el Tribunal de Primera Instancia al desestimar la demanda de alimentos entre parientes mediante Resolución, al concluir que la parte demandada no tenía derecho a recibir alimentos entre parientes sin tomar en consideración el incumplimiento en el ejercicio de la patria potestad del demandante.

Tercer error: Erró el Honorable Tribunal de Primera Instancia al no considerar las defensas de equidad ante un vacío en el derecho y en la ley invocadas por la parte interventora en el caso de autos, y en consecuencia declarar ha lugar la solicitud de desestimación para conceder alimentos a la apelada.

Cuarto error: Erró el Honorable Tribunal de Primera Instancia al determinar no ha lugar a la solicitud de conceder vista en su fondo sin tomar en consideración controversias de hechos entre las partes y en consecuencia privarle a la apelante su derecho a su día en corte violándole el debido proceso de ley avalado por la Constitución de Puerto Rico y el derecho aplicable.

Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[12]

Al respecto, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[13] Por esa razón, la Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, nos autoriza a desestimar un recurso a petición de parte o a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

Por su parte, la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a), al igual que la Regla 13 (A) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (A), concede a las partes un término jurisdiccional de treinta (30) días para instar un recurso de apelación ante nos. Dicho término se cuenta a partir del archivo en autos de copia de la notificación de la sentencia dictada por el Tribunal de Primera Instancia.

Sin embargo, existen remedios posteriores a la sentencia que podrían tener el efecto de interrumpir dicho término, si la moción a tales efetos se presenta de forma oportuna y de acuerdo con la Regla de Procedimiento Civil aplicable. Según el inciso (e) de la Regla 52.2, 32 LPRA Ap. V, R. 52.2(e), entre los remedios que pueden tener el efecto de interrumpir el término para apelar se encuentra la oportuna presentación de una moción de reconsideración al amparo de la Regla 47 de Procedimiento Civil. El referido término comenzará a contarse de nuevo desde que se archive en autos copia de la

---

[12] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[13] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).

notificación de la orden que resuelva la moción de reconsideración¨. *Íd.*

En específico, la Regla 47 de Procedimiento Civil, *supra,* concede a la parte adversamente afectada por una orden, resolución o sentencia del Tribunal de Primera Instancia, la oportunidad de presentar una moción de reconsideración dentro del término de quince (15) días desde la fecha de la notificación de la orden, resolución o sentencia. La solicitud debe exponer con suficiente particularidad y especificidad los hechos y el derecho que se estima deben reconsiderarse. Regla 47 de Procedimiento Civil, *supra.*

Si se trata de una sentencia, el referido término de quince (15) días es de carácter jurisdiccional. Cuando es una orden o resolución, el plazo es de cumplimiento estricto, por lo cual, puede ser prorrogado por justa causa.[14]

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo ha expresado que los tribunales no gozan de discreción para prorrogar tales términos automáticamente.[15] Sólo tienen discreción para extender un término de cumplimiento estricto cuando la parte que lo solicite demuestre justa causa para la tardanza. La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas.[16] De tal forma, "las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa".[17]

En cuanto a la interrupción del término para ir en revisión al foro apelativo intermedio, la referida regla procesal indica que "[u]na vez presentada la moción de reconsideración quedarán

---

[14] *Simons y otros v. Leaf Petroleum Corp. y otros,* 209 DPR ___ (2022), 2022 TSPR 44 (op. del 13 de abril de 2022); *Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013).

[15] *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 170 (2016); *Soto Pino v. Uno Radio Group,* supra, pág. 93.

[16] *Rivera Marcucci v. Suiza Dairy,* supra, pág. 172; *Soto Pino v. Uno Radio Group,* supra, pág. 92-93*; Rojas v. Axtmayer Ent., Inc.* 150 DPR 560, 564-565 (2000).

[17] *Febles v. Romar,* 159 DPR 714, 720 (2003).

interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". Regla 47 de Procedimiento Civil, *supra.*

A su vez, para que una moción de reconsideración interrumpa el término para que las partes recurran al foro apelativo intermedio, ésta debe presentarse de manera oportuna.[18] Sin embargo, el Tribunal Supremo ha reconocido, como excepción, que un tribunal puede considerar una moción de reconsideración tardía cuando lo que ésta plantea sea de tal envergadura que sería un fracaso de la justicia ignorarlo. Empero, para que los tribunales puedan acoger la moción de reconsideración fuera de término se tiene que cumplir con la normativa aplicable a las mociones de relevo, según la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.[19] Claro está, ello no afecta la facultad de los tribunales para reconsiderar sus determinaciones *motu proprio* siempre que tengan jurisdicción para hacerlo. Esto es, siempre que sus decisiones no hayan advenido finales y firmes.[20]

III.

---

[18] *Morales y otros v. The Sheraton Corp.,* supra, pág. 8.

[19] La Regla 49.2 de Procedimiento Civil, *supra,* dispone que:
> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
> (a) Error, inadvertencia, sorpresa o negligencia excusable;
> (b) descubrimiento de evidencia sustancial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
> (d) nulidad de la sentencia;
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en la que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

[20] *Insular Highway v. A.I.I. Co,* 174 DPR 793, 806-807 (2008).

Luego de analizar el recurso ante nos, concluimos que la joven Fernández Santana presentó tardíamente su solicitud de reconsideración, y dicha inobservancia ocasionó que el término para acudir ante este Foro no fuera interrumpido. Como vimos, para que una moción de reconsideración interrumpa el término para acudir al Tribunal de Apelaciones tiene que presentarse dentro del término de quince (15) días desde la fecha de archivo en autos de la notificación de la *Resolución y Orden,* mediante la cual declaró no ha lugar la petición de alimentos entre parientes.

Surge de los hechos que el 16 de noviembre de 2022, el TPI notificó la referida *Resolución y Orden.* Por tal razón, el término de quince (15) días que tenían las partes para solicitar la reconsideración de dicha determinación vencía el 1 de diciembre de 2022. La joven Fernández Santana presentó su solicitud de reconsideración el 2 de diciembre de 2022; es decir, de manera tardía, y sin haber ofrecido en dicho escrito justificación alguna para la tardanza. No fue hasta la *Moción Informativa* del 6 de diciembre de 2022, que ésta atribuyó la demora a problemas de salud de su abogada. Se ignora si el problema de salud de la representación legal de la joven Fernández Santana, según informado, impedía la oportuna presentación de la moción de reconsideración.

Además, tampoco se explica por qué no se expuso el hecho de la enfermedad de la abogada en la tardía moción de reconsideración del 2 de diciembre de 2022, a pesar de que - conforme a las fechas indicadas en el certificado médico - el problema de salud inició el 29 de noviembre de 2022, y se extendió hasta el 7 de diciembre de 2022. Por consiguiente, la joven Fernández Santana no demostró justa causa para haberse demorado en presentar la moción de reconsideración.

Por último, la referida moción de reconsideración no puede considerarse como una solicitud de relevo, pues ésta tampoco

cumple con los requisitos dispuestos en la Regla 49.2 de Procedimiento Civil, *supra*. Ante ello, y debido a que la presentación de la moción de reconsideración resultó tardía, la actuación del TPI sobre dicha moción resultó inoficiosa para computar los términos de revisión ante este foro intermedio.

Así pues, la moción de reconsideración de la joven Fernández Santana no tuvo el efecto de interrumpir el término de treinta (30) días disponible para apelar ante este foro apelativo intermedio. Siendo así, el término para acudir ante este Foro venció el 16 de diciembre de 2022. La joven Fernández Santana incoó el presente recurso el 19 de diciembre de 2022, cuando ya había expirado el plazo disponible para ello. Por tal razón, nos encontramos privados de jurisdicción para examinar los méritos de su reclamación. Consecuentemente, estamos obligados a desestimar el recurso.

IV.

A la luz de lo antes expuesto, desestimamos el recurso presentado.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones